**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA CARUSO,<br><br>          Plaintiff,<br><br>     v.<br><br>MOLLY HILL, et al.,<br><br>          Defendants. | Case No. 1:20-cv-00084-AWI-EPG (PC)<br><br>ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF Nos. 62, 63, & 64) |

   This case proceeds on Plaintiff's First Amendment retaliation against defendants Hill and Montes based on Plaintiff's allegations that Defendants transferred Plaintiff as a result of her filings in a different lawsuit and refused to transfer her back, despite documented enemy concerns. (ECF Nos. 25, 33, & 57).

   The parties have requested that the Court review *in camera* documents related to an adverse action taken against defendant Montes, and have filed briefs in support of their positions. (ECF Nos. 62-64).

   The Court has reviewed the filings and the applicable law, and finds that Defendants may withhold the documents related to the adverse action taken against defendant Montes pursuant to the official information privilege.

   **I.   LEGAL STANDARDS**

   Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

1

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) … is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure…." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted).  The Ninth Circuit has since followed Kerr in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal., 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting Kerr v. U. S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 406 (1976)); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (citations omitted).

## II.  ANALYSIS

After reviewing the documents related to the adverse action taken against defendant Montes, the Court finds that Defendants may withhold the documents pursuant to the official information privilege.

The Court has reviewed the documents at issue *in camera*.  It has confirmed that the adverse action at issue is not relevant to the claims proceeding in this case.  It does not involve Plaintiff, Plaintiff's prison transfers, prison transfers in general, or any other inmate.  Moreover, as Defendants point out, the conduct at issue in the adverse action occurred months after

Plaintiff's transfer.

Plaintiff argues that the documents could be relevant because they may show that defendant Montes lied in a declaration, in which he stated that his departure from his job as Warden at California Institution for Women was for personal reasons and not for disciplinary reasons or job performance reasons.  (ECF No. 63, p. 2).  However, based on a review of the adverse action, it does not appear that defendant Montes lied in his declaration.  The notice of adverse action post-dates Defendant's transfer to CIW and does not order Defendant Montes to be transferred.  Additionally, Defendants have agreed to "[a] limited inquiry into the general nature of the personal reasons for Montes leaving CIW in October 2020" at defendant Montes' deposition, which should satisfy any legitimate need for inquiry into the truthfulness of defendant Montes' representation in his declaration.  (ECF No. 64, p. 2).[1]

### III.    ORDER

Defendants may withhold the documents related to the adverse action taken against defendant Montes, which are identified on the privilege log at ECF No. 62, p. 12, pursuant to the official information privilege.

IT IS SO ORDERED.

Dated:   **September 28, 2021**              /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Given Defendants' assertion that the reasons for that transfer are personal and not due to the adverse action, the Court will not preemptively deem such testimony regarding the reason for the transfer as highly confidential, attorney's eyes only, as requested by defense counsel.